IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MICAH RAY LOZIER,<br><br>Petitioner,<br><br>vs.<br><br>ATTORNEY GENERAL OF THE STATE OF MONTANA; STATE HABEAS COUNSEL,<br><br>Respondents. | Cause No. CV 22-70-M-DLC-KLD<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On April 1, 2022, state pro se petitioner Micah Ray Lozier filed an application under 28 U.S.C. § 2254, seeking habeas corpus relief. (Doc. 1 at 8.)[1]

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases. Because Mr. Lozier's claims are unexhausted, his petition should be

---

[1] Under the "prison mailbox rule," a prisoner's document is deemed filed "at the time…[it is] delivered to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988).

dismissed without prejudice.

## I. Motion to Proceed in Forma Pauperis

Mr. Lozier filed a motion to proceed in forma pauperis. (Doc. 2.) Although Mr. Lozier did not provide a copy of his inmate account statement as required, there is no reason to delay this matter further. The motion to proceed in forma pauperis will be granted.

## II. Procedural History/Lozier's Claims

Mr. Lozier indicates that he pled guilty to two counts of Theft and was sentenced to 5-years with the Montana Department of Corrections, in Montana's Fourth Judicial District, Mineral County. See, (Doc. 1 at 2-3.) Written judgment was entered on February 23, 2022. *Id*. at 2.

Mr. Lozier does not identify a constitutional violation, but explains he felt his only choice was to "go to prison and try to fight [his] case, rather than risk mistreatment in Superior or Missoula counties." *Id*. at 4. Somewhat confusingly, he seems to concede "they had sufficient evidence" against him, but that the charges were improperly filed and he was not provided proper counsel towards the end of his criminal proceedings. *Id*.

Mr. Lozier acknowledges he did not file a direct appeal, did not file a petition for postconviction relief, and did not seek state habeas corpus relief. *Id*. at 3-4. He does indicate that he is currently seeking review of his sentence from the

Montana Sentence Review Division. *Id*. at 3. He explains that he needs discovery and police footage to fight his case and that he only took a global plea agreement to appease the courts. *Id*. at 5.

He asks this Court to provide him proper counsel and a retrial and that the state courts consider his pending lawsuit as a reason for dismissal. *Id*. at 7.[2] Mr. Lozier requests this Court order his release and provide him a lump sum for punitive and emotional damages. *Id*.

Along with in § 2254 Petition, Mr. Lozier has also attached a Motion to Vacate his Sentence under 28 U.S.C. § 2255. See, (Doc. 1-1.)

### III. Exhaustion Analysis

As a preliminary matter, Mr. Lozier is advised a Section 2255 motion to vacate provides an exclusive mechanism by which a federal prisoner may test the legality of his detention. 28 U.S.C. § 2255; see also, *Lorentsen v. Hood*, 223 F. 3d 950, 953 (9th Cir. 2000). As a state prisoner, therefore, this provision has no application to Mr. Lozier. Additionally, while Mr. Lozier may potentially recover monetary damages in his companion civil rights case, monetary damages are not an available remedy in a habeas action. See, *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973).

---

[2] Mr. Lozier has filed a companion civil rights case under 42 U.S.C. § 1983. See, *Lozier v. Mineral County Sheriff's Office et al.*, Cause No. CV-22-70-M-DLC, Comp. (filed April 4, 2022).

A federal court can grant habeas relief only if the petitioner has demonstrated that the state court violated the United States constitution or federal law. See, *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). Mr. Lozier's petition, as currently pled, does not identify a federal constitutional violation.

But another procedural hurdle stands before Mr. Lozier in relation to his Section 2254 petition. A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d

1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id. See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

In the present case, the Montana Supreme Court has never considered the claims Mr. Lozier attempts to advance. As set forth above, Mr. Lozier has not yet sought any form of review in the state courts. Before Mr. Lozier can file a federal habeas petition, he must give the state courts one full opportunity to review his constitutional claims. *O'Sullivan*, 526 U.S. at 845. But because Mr. Lozier has not yet exhausted his available state court remedies, this Court cannot review the claim. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal should be **without prejudice**, allowing Mr. Lozier to return to this Court if and when he fully exhausts the claims relative to his current custody.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes

a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Mr. Lozier has not made a substantial showing that he was deprived of a federal constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## ORDER

Mr. Lozier's Motion for Leave to Proceed in Forma Pauperis (Doc. 2) is GRANTED. The Clerk of Court is directed to waive payment of the filing fee.

## RECOMMENDATION

1. Mr. Lozier's Petition (Doc. 1) should be DISMISSED without prejudice as

unexhausted.

2. The Clerk of Court should be directed to enter judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Lozier may object to this Findings and Recommendation within 14 days. 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Lozier must immediately notify the Court of any change in his mailing address.</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 5th day of April, 2022.

/s/ Kathleen L. DeSoto
Kathleen L. DeSoto
United States Magistrate Judge