IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MICAH RAY LOZIER,<br><br>               Petitioner,<br><br>vs.<br><br>ATTORNEY GENERAL OF THE STATE OF MONTANA; STATE HABEAS COUNSEL,<br><br>               Respondents. | CV 22–70–M–DLC<br><br>ORDER |

United States Magistrate Judge Kathleen L. DeSoto issued her Findings and Recommendations in this case on April 5, 2022, recommending that the Court dismiss Petitioner Micah Ray Lozier's Petition for Writ of Habeas Corpus (Doc. 1) without prejudice and deny a certificate of appealability. (Doc. 4.) Mr. Lozier timely filed objections to the Findings and Recommendations. (Doc. 6.) Consequently, Mr. Lozier is entitled to de novo review of those findings and recommendations to which he has specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Clear

error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Judge DeSoto recommended that the Court dismiss Mr. Lozier's habeas petition for failure to exhaust his state court remedies.  Mr. Lozier has not yet sought any form of review in the state courts, and therefore has not given "the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438) (1971) (internal quotation marks and citation omitted).

Mr. Lozier filed a response to the Findings and Recommendations of Judge DeSoto.  (Doc. 6.)  In his response, Mr. Lozier did not specifically object to any of Judge DeSoto's findings and recommendations but stated that he has filed a civil complaint against mineral county and discussed his difficulty in obtaining counsel and information pertaining to his case.  (*Id.*)  Although not immediately apparent as an objection, the Court, taking Mr. Lozier's response in the light most favorable to him, could understand his response as raising objections to the findings and recommendations of Judge DeSoto.  Even so, the Court overrules Mr. Lozier's objections and adopts Judge DeSoto's Findings and Recommendations in full.

A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). A habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In other words, "when a prisoner alleges that his continued confinement for a state court conviction violates federal law, state courts should have the first opportunity to review this claim and provide any necessary relief. *O'Sullivan v. Boerckel*, 526 U.S. 838 844, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). Here, Mr. Lozier does not dispute that the state courts have not been given one full opportunity to review his constitutional claims. Therefore, Mr. Lozier has not yet exhausted his available state court remedies.

Finally, reviewing de novo, the Court adopts Judge DeSoto's recommendation to deny a certificate of appealability. Because Mr. Lozier has yet to exhaust his state court remedies, reasonable jurists would find no basis to encourage further proceedings. *Gonzalez v. Thaler*, 565 U.S. 134, 140–41, 132 S.

Ct. 641, 181 L. Ed. 2d 619 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)).

Accordingly, reviewing the remaining portions of Judge DeSoto's Findings and Recommendations for clear error and finding none,

IT IS ORDERED:

(1) Judge DeSoto's Findings and Recommendations (Doc. 4) is ADOPTED IN FULL;

(2) Mr. Lozier's Petition (Doc. 1) is DISMISSED WITHOUT PREJUDICE for failure to exhaust;

(3) The Clerk of Court shall enter judgment of dismissal by separate document; and

(4) A certificate of appealability is DENIED.

DATED this 1st day of September, 2022.

Dana L. Christensen, District Judge
United States District Court